## JONATHAN BUTTERFIELD *vs.* JAMES HARVELL.

A plaintiff will not be permitted to amend his declaration, where the proposed amendment changes the cause of action, unless by the assent of the defendant.

THIS was an action of assumpsit. The declaration contained two counts. The substance of the first count was, that *Harvell* on the 6th of Dec. 1823, in consideration of $50 to be paid to him by the plaintiff, promised safely to convey a certain raft of lumber from the foot of *Short Falls* on Merrimack river in Bedford to the head of the Middlesex canal, in a reasonable time, unless the river should freeze over, so as to render it impossible ; and if the river should so freeze over, to haul the raft out of the river, secure it safely on the banks until the opening of the river in the spring following, and then to raft the lumber anew and convey it safely down in a reasonable time afterwards.

The second count stated a promise to safely convey the raft from the Falls abovementioned, to the head of the Middlesex canal in a reasonable time.

At the last term the plaintiff obtained leave to amend his declaration. He now offered a new count, stating in substance, that the defendant promised to convey the raft from the place abovementioned to the head of the Middlesex canal, and deliver the same to the plaintiff, with all reasonable despatch, and " to insure the safe carriage and delivery of the " raft, and indemnify the plaintiff against all losses and acci- " dents."

To the admission of this new count, as an amendment of the original declaration, the defendant's counsel objected.

*D Steele, jr.* and *R. Fletcher*, for plaintiff.

*Wilkins* and *Atherton*, for defendant.

Butterfield
*vs.*
Harvell.

*By the court.* Notwithstanding the liberal construction given by courts, in modern times, to statutes of amendment, and the general provision of our own statute (1 *N. H. Laws* 99,) that courts may grant amendments, " where the person "or case may be rightly understood or intended ;" it is a well settled principle, that no amendment of a declaration inconsistent with the nature of that declaration, or which changes the cause of action, comes within the provision of the statute, or can be admitted.

To an action of assumpsit upon an account annexed to the writ, *John L. Thorndike vs. Thomas R. Sweat,* the defendant pleaded the general issue, and gave notice of an account of goods sold to the plaintiff by way of set-off. At the trial of that action on review, Merrimack, August term, 1824, the defendant moved the court for leave to amend his set-off, by changing the charge of goods, as sold, to a charge of the same goods, as delivered to the plaintiff to sell and account for, and a charge of the proceeds of the sale thereof. But the court overruled the motion.

In the case at bar, the contract, as originally stated in the declaration, bound the defendant to due care, skill, and diligence in conducting the raft in question, but by no means amounted to an insurance against losses and accidents, not arising from his misconduct or neglect. The new count makes such insurance the gist of the action, and states a contract altogether different and distinct, from that before stated.

We are therefore of opinion, that the new count is not within the rules and principles of amendment, and must be rejected.