## DAVID EDGERLY *versus* BENJAMIN EMERSON.

A new ground of action cannot be introduced into a cause by way of amendment, upon a review ; but matters of form may be amended.

ASSUMPSIT.   The cause had been twice tried and a judgment rendered in favor of the plaintiff upon a review. And afterwards, a new trial was granted upon the petition of the defendant, and the cause again brought before the court at the last February term.   And now the defendant moved for leave to file a set-off, and he relied upon the statute of Dec. 16, 1824, sec. 2, as giving the court authority to order the amendment ; and also on the practice of the court, and cited the case of *Bickford* v. *Daniels*, 2 N. H. Rep. 71.

On behalf of the plaintiff it was urged that there was no practice of the court which would warrant such an amendment.   A set-off is in the nature of a cross action, and it has never been held that a new cause of action could be brought into the suit by an amendment, when the proceedings were before the court upon review. Amendments have been permitted upon a review ; but they have been only in relation to the form of the proceedings, and never to change the ground of the action. A new cause of action cannot be introduced into the suit, by amendment, at any stage of the proceedings.

The statute of December 16, 1824, which enacts "that in any action of review, pending in any court in this state, the justices thereof shall have power to order any amendment of the original writ, record, or proceedings in any part thereof," &c. cannot apply to this case.   If it were intended merely to authorize amendments in the form of the proceedings, it goes no farther than the former practice, and does not embrace this case.   And if it were intended to introduce a new rule substantially affecting the merits of causes, it cannot be construed to

apply to causes existing at the time of its passage, because in relation to such causes it must be deemed a retrospective law, and contrary to the constitution. This action was pending when that statute was made.

*By the court.* We are of opinion that the set-off cannot be now received. A set-off is in the nature of a cross action, and a new ground of action cannot be introduced into a cause upon a review. Our practice extends only to the amendment of the forms of the proceedings, and never to the changing of the ground of action, in such a case.

And if the statute, upon which the defendant relies, can, in any case, authorize such an amendment, we think it cannot do it in an action pending when it was passed, because it is, in relation to such a cause, a retrospective law introducing a new rule of decision for the determination of an existing cause, and within the prohibition of the constitution. *Woart* v. *Winnick*, 3 N. H. Rep. 473.

The motion is therefore overruled.

There was a count for money had and received ; and the plaintiff had filed a specification before the former trials in which he stated that he should offer evidence upon that count, that the defendant received a certain sum of money upon an execution which issued in favor of the plaintiff, against a third person, on a judgment recovered in the year 1819. The plaintiff moved for leave to amend the specification by striking out 1819, and inserting 1809. It was admitted that on the former trials a judgment rendered in 1809, was offered in evidence in support of this part of the specification.

*By the court.* Our practice admits of this amendment. It does not substantially change the real ground of the action, but merely corrects a mistake in the form of the proceedings.