## GODDARD *vs.* PERKINS.

An attachment of personal chattels vests no property in the goods in the creditor.

Where the original declaration was trover for certain goods, the plaintiff cannot amend, by introducing a new count, charging that the defendant attached the same goods on a writ in favor of the plaintiff, and by his negligence lost them.

When an amended count may be regarded as received.

THIS was an action of trover, for 1000 yards of calico, and 100.000 of white pine shingles, and was commenced by writ returnable at the January term of the court of common pleas, A. D., 1837. At that term the plaintiff had leave to amend ; and in December following, the plaintiff's counsel delivered to the defendant's counsel the new, or amended count. No notice of objection to the amendment was given to the plaintiff or his counsel, till August term, 1838 ; nor was any motion made to the court upon the subject, till just as the case was coming on for trial at the sittings in October, 1838. Under these circumstances the amendment was received. The new count alleged that one H. C. was justly indebted to the plaintiff ; that to recover said debt, he sued out a writ in due form of law, and delivered it to the defendant, a deputy sheriff, for service ; that the defendant attached, as the property of said H. C., 1000 yards of calico, and 100.000 of white pine shingles ; that the plaintiff recovered judgment and execution against H. C. ; and that the defendant did not safely keep said goods, so that the plaintiff might cause them to be taken on his said execution, but within thirty days from said judgment the defendant released the said goods, and discharged them from the said attachment.

It did not appear that the plaintiff had any property in the goods claimed in the first, or original count, unless by virtue of said attachment. Whereupon, by direction of the court

a verdict as to that count was rendered for the defendant; but the plaintiff having recovered a verdict upon the new count, the defendant moves to set it aside, for the reason that said amendment was improperly allowed.

*Christie*, for the plaintiff, to the point that the amendment was properly made, cited *Ball* vs. *Chaplin*, 5 *Pick.* 203; 6 *Pick.* 465; 7 *Pick.* 220; 6 *Pick.* 512; 2 *Pick.* 23. He also contended that the defendant had waived the objection to the new count.

*Bartlett*, for the defendant.

WILCOX, J. The action of trover is founded upon a property in the plaintiff, either general or special, and a right of possession. The articles in question in this case were not the property of the plaintiff. The general property was in Chick, the debtor. The defendant by the attachment acquired a special property in the goods; and, as the law is held in this state, he gave a similar special property to his bailor, the receiptor, who became responsible for the safe custody of the goods. But the plaintiff had no right to the goods. His right was, in case he recovered judgment, to have the property sold by some officer of the law, and the avails of the sale applied in satisfaction of his demand. He had no right at any time to demand the goods of the officer. They were in the custody of the law. And if the officer had delivered them to the plaintiff, without a sale upon the execution, for any other purpose than to keep them as his servant, he would have been a wrong-doer. No property would pass by such delivery; and when the attachment dissolved by lapse of time, the original owner might reclaim them.

If, then, the plaintiff had no right to take the goods from the officer, he cannot maintain trover to recover their value. The direction of the court upon the first count was, therefore, correct.

A new count was offered. This alleges that the plaintiff sued out a writ of attachment against one Chick, his debtor ; that he delivered it to the defendant, a deputy-sheriff for this county, who attached a quantity of calico and shingles ; that the plaintiff prosecuted his suit to judgment and execution ; but that the defendant did not retain the property attached, but released and discharged it from attachment, so that the plaintiff lost his debt ; and the evidence is, that the defendant took an insufficient receiptor. An order had been entered upon the docket, that the plaintiff have leave to amend his declaration. Under this order the new count was offered, and received by the court ; and the first question is, whether the amendment was receivable within the rule respecting amendments ?

A new or amended count must be consistent with the former count or counts, subject to the same plea, and such as might originally have been joined with the other. It must, also, be for the same cause of action, and must not introduce a new or additional demand. It is not sufficient that it relate to the same transaction, which the plaintiff intended to meet in his original count, provided the cause of action in the two counts be clearly different. *Butterfield* vs. *Harvell*, 3 *N. H. R.* 201 ; 3 *Pick.* 14 ; 1 *Pick.* 204.

Here, in the original count, the plaintiff claimed to recover for an injury to his personal property in his possession, and he charged the defendant with having converted that property to his own use. The new count charges the defendant with official misconduct ; with neglect of duty as a deputy-sheriff. The original charge is for a tortious injury to the plaintiff 's goods ; the new, for official misfeasance in no wise relating to any personal goods of the plaintiff. The interest of the plaintiff affected is changed. The character of the act done by the defendant is changed. The very ground and substratum of the action is, therefore, changed, and the amendment cannot be admitted without confounding all rules upon this subject. It is contended that the de-

fendant has waived all objection to the amendment, and that he must be taken to have assented to its allowance. The plaintiff had leave to amend, January term, 1837 ; the new count was soon after delivered to the defendant's counsel, and retained by him several terms without notice of any objection. The amendment was by order of court, and not by agreement of parties. It was furnished to the defendant's counsel, that he might examine it, and be prepared to object, if he saw occasion so to do, when it should be moved in court. We think there was no obligation resting upon him to move his objections in court, or to make them known to the adverse party. He could not be expected to make his objections upon receiving the new count, for its purport was then unknown to him. The plaintiff should have moved the allowance of the amendment in court ; and then, and not till then, was the defendant bound to make his objections.

*Verdict set aside.*