10  165
67  163

## BURNHAM & a. *vs.* SPOONER.

Where the plaintiff declares upon a promissory note, which was in fact given for certain goods sold by him to the defendant, he may be permitted to amend his declaration, by filing a count for goods and merchandize sold and delivered, upon such terms as the court may deem reasonable.

ASSUMPSIT upon a promissory note.

The plaintiffs moved to amend by filing a count for goods, wares and merchandize, sold and delivered by the plaintiffs to the defendant, before the date of the note, for which the note was in fact given. The defendant objected to the amendment.

*C. Ainsworth*, for the plaintiffs.

*Goodall, Woods, & Bell*, for the defendant.

GREEN, J. The general doctrine is, that the plaintiff cannot be permitted to amend by filing a new count for a cause of action substantially different from that declared on in the first instance.

Burnham *v.* Spooner.

It is not denied, in this case, that the note was given for goods sold by the plaintiffs to the defendant. The goods were the ground of the note, and may be said to be the ground of the suit, in one form. The note, when made, was an admission that the claim for the goods was for value received, and contained a promise to pay the amount due for them. It is not, to be sure, on its face, a promise to pay for the goods, but the suit upon it is, in effect, a suit to recover the money for the goods. We are of opinion, therefore, that the ground of action is substantially the same, within the meaning of the rule; and that it is within the discretion of the court to permit the amendment, on such terms as may appear to be reasonable.

In cases where minors have been sued upon promissory notes, and have been disposed to take advantage of their infancy, the plaintiff has been permitted to amend by filing a count for goods sold, which formed the consideration of the note, and to recover on the ground that they were necessaries. The cases are not to be distinguished in principle, so far as the right to grant the amendment is concerned.

In this case it is understood that the plaintiffs cannot probably recover on the note, on account of the manner in which it was procured by their agent. (9 *N. H. Rep.* 197, *Shaw & a.* vs. *Spooner.*)

The plaintiffs may amend, by paying the defendant all his cost after the first term, up to this time, and taxing none during the same period if they should ultimately recover.