## STEVENSON *vs.* MUDGETT.

So long as the form of action is not changed, and the court can see that the identity of the cause of action is preserved, the particular allegations of the declaration may be changed, by amendment, and others superadded, in order to cure imperfections and mistakes in the manner of stating the plaintiff's case.

If a witness who appears to be interested executes a release, which is not well delivered ; his testimony, upon being admitted, that he never had any interest in the suit, cannot be received to show his competency.

A delivery of a release, by a witness, to the attorney employed to conduct the cause, is a good delivery to the party who employed him. If the witness employed the attorney, such delivery would be a delivery to himself. But where, upon such delivery, the witness is admitted to testify, it may be shown to the court, after verdict, that the attorney was in fact employed by the plaintiff of record.

ASSUMPSIT. The original writ contained but one count, which was a special count, upon a note or memorandum, dated November 30, 1830, signed by the defendant, of which the following is a copy. "For value received, I promise to pay James Stevenson, or order, one hundred and four dollars, and sixteen cents, to be paid in young likely neat stock, to be demanded at my house in Jackson, in three years from date, and interest annually ; the above named stock will be received within any of the above named time, at James Stevenson's house in Tamworth, at the appraisal of men."

At January term, 1839, the plaintiff moved to amend by filing a new count, setting forth that the defendant, being indebted to the plaintiff in the sum of $104·16, on the 30th day of November, A. D. 1830, by his agreement in writing, in consideration of the same, promised the plaintiff to pay him said sum in young likely neat stock, to be demanded at the defendant's house in Jackson, in three years from the date, with interest annually, and thereafterwards on the 10th day of July, A. D. 1833, still being so indebted to the plaintiff, the defendant, in consideration that the plaintiff would allow to the defendant the sum of forty dollars, in part payment of said sum, for a certain yoke of steers,

then and there sold by the defendant to the plaintiff, and
also in consideration that the plaintiff would extend the
time of payment, for the balance of said sum, for the term
of one year from the 30th of November, 1833, the defend-
ant promised that he would, at the expiration of said year,
pay said balance, in young likely neat stock, at the house
of the plaintiff in Tamworth, or in cash at that period.
There were averments that the plaintiff did allow the sum
of $40·00, in part payment, and did extend the time for pay-
ment for the balance, and that he was ready, at his house
in Tamworth, to receive young likely neat stock in pay-
ment, &c.

The defendant objected, alleging that the new count was
for another and different cause of action from that set forth
in the first count.    But the court admitted the amendment,
subject to exceptions.

On the trial, the plaintiff introduced the original note or
memorandum, and evidence tending to prove that the parties,
on the 10th of July, 1833, entered into the contract set forth
in his said second count.    He offered no evidence of any
demand of said stock, at the defendant's house in Jackson.
The defendant proved that he had, at his house in Jackson,
at the time said note became due and payable, stock, of the
description mentioned in said note, sufficient to pay it, and
that he was then and there ready to pay the same in such
stock, according to the terms of said note.    He also intro-
duced evidence tending to prove that no such contract, as is
set forth in said second count, was made between the parties.

John M. Stevenson, being offered as a witness on the part
of the plaintiff, the defendant objected to his admission, on
the ground that he was the plaintiff in interest ; and proved
that James Stevenson, the plaintiff on the record, had stated
that the note belonged to him.    John M. Stevenson then
executed a release of all claim or interest in the action,
or note, and the proceeds, and delivered the same to the
plaintiff's counsel.    The plaintiff was not present, and there

was no other delivery of the release. The defendant still objected to the admission of the witness, but the court admitted him, subject to the exception. The witness testified that he never had any interest in the note.

The plaintiff's counsel, upon the evidence, did not claim to recover upon the first count.

The jury found a verdict for the plaintiff on the amended count, and the defendant excepted to the ruling of the court in admitting the amendment, and also in admitting said John M. Stevenson as a witness.

*Peabody, Emerson, & Bartlett,* for the plaintiff, cited 21 *Pick. R.* 205, *Mixer* vs. *Howarth.*

*Blazo, & Christie,* for the defendant, cited *Goddard* vs. *Perkins, Strafford, Dec. T.,* 1838.

PARKER, C. J. An amendment is not admissible which is inconsistent with the nature of the declaration, or which changes the cause of action. This is the rule laid down in *Butterfield* vs. *Harvell,* 3 *N. H. Rep.* 201, and which has since been uniformly recognized as the true principle. The application of the principle, in that case, is, perhaps, somewhat questionable. It is evident that the matter of the amendment there offered might have been regarded as merely an additional particular of the contract declared on, which had been omitted in the original draft of the declaration, although it undoubtedly superadded a further item to the obligation, which the declaration alleged that the defendant had assumed by his contract. The difficulty which sometimes exists, in the application of the rule, arises from the fact that almost all amendments change, to some extent, the cause of action, as originally stated. An amendment which changes the alleged date of a contract, or the sum to be paid, or any particular of the matter to be performed, or the time or manner of performance, changes, in one sense, the

cause of the action ; but it is not in this sense that the rule is to be understood. Amendments of that character, so long as the identity of the matter upon which the action is founded is preserved, are admissible ; the alteration being made, not to enable the plaintiff to recover for another matter than that for which he originally brought his action, but to cure an imperfect or erroneous statement of the subject matter, upon which the action was in fact founded. So long as the form of action is not changed, and the court can see that the identity of the cause of action is preserved, the particular allegations of the declaration may be changed, and others superadded, in order to cure imperfections and mistakes in the manner of stating the plaintiff's case.

The new count, which was admitted in this case, in addition to the statement of the written contract, which was set forth in the original count, contains averments of further stipulations between the parties, made subsequently to that time, and which constituted, in fact, a further contract, superadded to the contract in writing. In one sense this may be regarded as another contract, made at a subsequent date, and the breach of which would furnish a different cause of action from that which would have arisen by a breach of the original agreement. But this subsequent matter was merely an extension of the original contract, with a variation of the place of performance ; and according to the statement of the counsel the action was in fact founded upon the breach of the contract, as modified and varied by the subsequent agreement ; the additional averments, contained in the amended count, being omitted, under a supposition that this additional matter might be offered in evidence, by way of answer to any defence which might be attempted. In that view the case is clearly one of an imperfect declaration upon the contract intended as the foundation of the action, by the omission to set out the farther matter, which modified the original contract and altered the time and place of performance. The cause of action in both counts is a

contract for the delivery of certain cattle, and a breach of that contract. The particulars of time and place, set forth in the amended count, are materially different from those in the original ; and the additional averments are founded upon matter superadded by a further contract between the parties, after the original agreement was entered into. But it was upon a breach of the contract as modified that the plaintiff brought his suit ; and he asked, by his amendment, to perfect his declaration, so that he might be enabled to prosecute it, and recover for that breach. In this view of the case the amendment was rightly admitted. The form of the action is not changed, and the identity of the cause is preserved. It is a variation in the mode of demanding the same thing, that is, damages for the breach of the original contract for the delivery of the cattle, some of the terms of which were modified by the subsequent agreement of the parties, but the additional matter, through mistake, was not stated. *Burnham* vs. *Spooner, ante* 165 ; 5 *Pick. R.* 305, *Ball* vs. *Claflin* ; 7 *Pick. R.* 220, *Swan* vs. *Nesmith* ; 21 *Pick. R.* 205, *Mixer* vs. *Howarth.*

In *Goddard* vs. *Perkins*, 9 *N. H. Rep.* 488, the proposed amendment departed wholly from the cause of action originally stated ; the declaration, as drawn in the first instance, being founded upon an unlawful conversion of the plaintiff's property, and the proposed amendment alleging a breach of duty by the defendant, as deputy sheriff, in neglecting to retain certain property, attached by him on a writ in favor of the plaintiff.

The release from the witness, as the case now stands, was not well delivered. The evidence introduced by the defendant, to exclude his testimony, went to show that the contract upon which the action was founded belonged to the witness ; and if so, the inference is that the suit was in fact his own. If he is the real plaintiff, the attorney in the suit is his attorney, and the delivery of the release to his attorney is a delivery to himself.

The witness, however, on being admitted, testified that he never in fact had any interest in the contract. If it had been shown that the attorney to whom the release was delivered was in fact employed by the plaintiff on the record, it would have been sufficient ; but the witness cannot be made competent by his own testimony.

We have no doubt that a delivery of a release, by a witness, to the attorney employed to conduct the cause, is a sufficient delivery to the party who employed him. And a delivery to a third person, who was not in fact the agent of the releasor, might, perhaps, be a good delivery ; for when it appears that the release is for the benefit of the party, his assent may be presumed, until his dissent is shown.

The evidence that the attorney was in fact employed by the plaintiff of record, is evidence to the court, and not to the jury, and it is not too late now to offer it. If that fact is established, judgment may be rendered upon the verdict.