## MERRILL *vs.* RUSSELL & a.—MERRILL *vs.* SAME.

Where an action is submitted to an auditor, he is not authorized to add to the claim of the plaintiff set out in his declaration, nor to the claim of the defendant made by way of set-off; but only to investigate and to state an account between the parties, of such claims as are embraced in the record.

And the rule of law, as recognized in this state, authorizing the amendment of declarations, inhibits any amendment which is inconsistent with the declaration, or the effect of which would be to change the cause of action, and thus to enable a party to recover for another cause than that upon which the action was originally founded.

Accordingly, where A. and B. each commenced a separate action against C., founded on accounts annexed to the several writs, for different and distinct items of charge, and both actions were referred to an auditor, who reported that he found the sum claimed in A.'s action, to be for services rendered by B. for C., and for which C. was justly indebted to B., and that therefore he transferred the amount of the claim for those services to the account of B. against C., and allowed the same to B. in his action against C. ;

Merrill *v.* Russell.

It was *held*, that this proceeding of the auditor was unauthorized, and furnished sufficient cause for re-committing the report.

*Held*, also, that the court were not authorized to allow the aforesaid items of account embraced in A.'s action, to be transferred and added to the account annexed to B.'s writ, by way of amendment, inasmuch as it would enable B. to recover for a cause of action not originally set forth in his declaration.

ACTIONS OF ASSUMPSIT, upon accounts annexed to the writ, both of which were referred to the same auditor.

The auditor found due on Lewis L. Merrill's account the sum of . . . . . . . $36·72

And on James W. Merrill's account, . . 13·24

And he transferred the last named sum to the account of L. L. Merrill, making it amount to . . $49·96

The auditor found due on the off-set filed by the defendant against the account of L. L. Merrill, the sum of $48·42

And reported a balance to be due to him of $1·54

The auditor transferred the sum of $13·24 from the account of J. W. Merrill to that of L. L. Merrill, as was stated in the report, on the ground that, although the defendants had the work for which the charges were made by said James, done at the shop of said James, the defendants supposed that they were employing said Lewis under an existing agreement with him to do the work; the defendants having no notice that said James was doing business for himself.

The questions submitted for the decision of the court were :

1. Whether the auditor had a right thus to transfer the account of said James to the account of said Lewis ?

2. If he had not the right to do so, whether the court could order it to be thus transferred ?

*Bellows*, for the defendants. This is virtually an application, or claim, for an amendment. But the plaintiff has no right to amend in the manner proposed. It cannot be allowed, as the amendment would be by inserting new matter in the declaration.

*E. Carleton*, for the plaintiff. The ground on which the transfer was made, was that of payment. It was payment substantially. In that view it cannot be doubted that the proceeding of the auditor was authorized.

Woods, J. We need not stop to enquire, whether, if L. L. Merrill had embraced in his declaration against the defendant the sum of $13·24, to recover which J. W. Merrill commenced his action, and which the auditor in his report allowed to L. L. Merrill, he would have been entitled to recover that sum. Waiving that enquiry, and conceding that to have been a just claim for which L. L. Merrill might have maintained an action, the question submitted upon the case for the consideration of the court is, whether, notwithstanding the fact that the claim for the $13·24 was not embraced in L. L. Merrill's action, still L. L. Merrill had a right to recover the amount of that claim in this action, either through the aid of the auditor or the court. The case finds that two actions were commenced, by different plaintiffs and for different items of account. The auditor, believing that a sum, for a portion of the items embraced in J. W. Merrill's suit, was justly due to L. L. Merrill, the plaintiff in the other action, allowed that sum to L. L. Merrill, and added it to the other sums found due to L. L. Merrill, and which were originally claimed in his action, and from the aggregate of those claims deducted the claim found due to the defendant upon his off-set, and reported the difference as the true balance due to the plaintiff, and which he was entitled to recover.

The proceeding adopted by the auditor had the effect to enlarge the claim of L. L. Merrill beyond that embraced originally in his action, by the addition and allowance of $13·24, for items of charge not embraced in the action, and, for aught that appears, not intended to have been embraced in it, at its commencement, nor at the time when it was committed to the auditor for investigation and report. In

Merrill *v.* Russell.

this proceeding we think that the auditor clearly exceeded the limits of his authority. The matters submitted to him were the two actions, and they were submitted for his action as auditor. His authority extended to the matters embraced in the record of the respective actions, and was as to each action limited to the matters embraced in the record of each. The statute providing for the appointment of auditors in specified cases, assigns to them the duty " to state the account between the parties," and to make a report thereof to the court. But the statute does not authorize auditors to add to the claim of the plaintiff which may be set up in the declaration, nor to the claim of the defendant made by way of set-off; but only to investigate and to state an account between the parties, of such claims as may be found embraced in the record, upon the one side and the other. The exercise of any such authority by auditors, as was assumed in this case, is certainly not provided for by the statute in terms, nor would it seem to be within the general scope of the legitimate objects and purposes of their appointment.

Questions of amendment are questions for the consideration of the court, and not of auditors. The addition allowed by the auditor in this case, was in the nature of an amendment. The proper office of auditors is the investigation and determination of facts, and the statement of results, in the form of an account stated by way of a report to the court. Such report is made evidence to be submitted to the jury, of the accuracy of the facts and results arrived at and thus stated ; or it may properly go to the court, for their determination of any questions of law arising thereon, in case the facts are no farther controverted.

It was contended at the argument, by the plaintiff's counsel, that the $13.24 was regarded and treated by the auditor as payment, to that extent, of the set-off of the defendant. But the report does not show it to have been so found and treated. Indeed, if it had been so regarded, it would not have been added to the other claims of the plaintiff, but the

set-off would have been reduced by the payment, and disallowed to that extent. It is true, that the result would be the same, whether that sum were added to the plaintiff's other claims, or deducted from the defendant's set-off. Still, that fact alone would not obviate the objection raised in the case, nor justify the proceeding of the auditor in giving it the effect of payment, if it was not in fact claimed and shown as payment. And it is very obvious from the report, we think, that the sum of $13.24, allowed to the plaintiff, was neither claimed nor shown as payment; and we hold that the proceeding of the auditor, in allowing that sum, was wholly unauthorized.

It being determined that the auditor had not the requisite authority for the purpose, another question submitted upon the case is, whether the court have authority to order and allow the claim of $13.24 to be added to the claim originally made by L. L. Merrill in his action, and thus to enable him to recover for that sum.

This we conceive to be a question of very little doubt or difficulty. A plaintiff can be allowed to recover nothing beyond what is declared for in his suit. His case must be set out, and he will, in his proofs, be confined to his case as he may have stated it. And no alteration can be made in it as stated, except by way of amendment by permission of the court, or the assent of the parties. And the authority of the court to grant amendments is a limited authority. The extent and limits of it are the proper subjects of enquiry in this branch of the case.

The rule of law on the subject of the amendment of declarations, laid down in *Butterfield* vs. *Harvell*, 3 *N. H. Rep.* 201, has, ever since that decision, been regarded as containing the true principle, and is now to be considered as the established rule of law in this state governing that class of amendments. *Edgerly* vs. *Emerson*, 4 *N. H. Rep.* 147; *Goddard* vs. *Perkins*, 9 *N. H. Rep.* 488; *Stevenson* vs. *Mudgett*, 10 *N. H. Rep.* 338; *Burnham* vs. *Spooner*, 10 *N. H. Rep.* 165.

Merrill *v.* Russell.

The rule there laid down, and since approved, inhibits any amendment inconsistent with the declaration, or which changes the cause of action. The propriety of the application of the rule in that case need not now be discussed. It is at least questionable, and has been questioned.

Every amendment must, to some extent, change the allegations in a declaration. But every change in the allegations, even though something may be added thereto, or deducted therefrom, is not to be regarded as a change of the cause of action, within the sense of the rule. An amendment changing the alleged date or the sum of a note, or other contract, or both, is admissible. Such an amendment may well be admitted, without having the effect of allowing a party to recover for a cause of action not originally declared upon. And the rule prohibiting amendments, only prohibits such as would allow a party to recover for a cause of action other than that for which the party brought his action, and not such as constitute merely a more perfect and complete statement of the particulars of the matter constituting the cause of action originally set out. In the language of the opinion in Stevenson *vs.* Mudgett, already cited : " So long as the form of the action is not changed, and the court can see that the identity of the cause of action is preserved, the particular allegations of the declaration may be changed, and others superadded, in order to cure imperfections and mistakes in the manner of stating the plaintiff's case." A more restricted application of the rule would defeat altogether the object of the statutes allowing amendments.

What would be the effect of allowing the amendment sought in this case ? Would it be merely to cure some imperfection or mistake in the manner of stating the plaintiff's case, without destroying the identity of the matter upon which the action of L. L. Merrill was founded ? Certainly not ; but it would operate to enable the plaintiff to recover for another matter than that upon which the action was originally founded. The aforesaid sum of $13.24 was a claim

not embraced, and not intended to have been embraced, in the declaration in the action in favor of L. L. Merrill. It must, then, be regarded as another matter than that upon which said action was based; and the effect of the amendment asked for would be to allow a recovery for such new matter not sued for. Amendments, as we have seen, attended with such results, are not admissible within the rule of law authorizing amendments.

On the whole, the judgment of the court is, that the report of the auditor, for error in the aforesaid proceeding, be recommitted, and the action be transferred to the court of common pleas.