## McQuesten *v.* Young.

An "account annexed to the writ" should particularize the items of the account. *Held*, therefore, that under an account annexed of a single item, " to amount due on account, $75," various smaller sums and items of book accounts could not be proved.

Upon a receipt for money "to be accounted for on settlement," no action can be brought until a refusal to make a settlement, or to allow it in account upon settlement.

Assumpsit.   The writ contained two counts, one for money had and received, to the amount of $150; the other on an account annexed to the writ, as follows:

" David Young to James McQuesten, Dr.
1847.   April 9.   To amount due on account,.......$75."

In his specification of claims filed, the plaintiff set forth
" a receipt, dated April 10, 1841, as follows: ' Received of
James McQuesten eighty-five dollars, to be accounted for
on settlement," and signed by said Daniel Young.   Also
the following account :

David Young to James McQuesten, Dr.

| 1844. | Nov. | 9. | To 2,000 chimney bricks,........$7,00 |
|-------|------|-----|--------------------------------------|
| " | " | " 1,000 good brick,............ | 4,50 |
| " | " | " one load of clay,............ | 50 |
| " | " | " 200 top bricks,.............. | 1,00 |
| 1843. | Dec. 6. | " one shoat,................... | 6,00 |
| 1844. | May 21. | " four pigs,................... | 10,00 |
| 1845. | Nov.12. | " 350 top bricks,............. | 2,10 |
| " | " | " 25 pale bricks,............. | 25 |
| 1846. | Oct. 22. | " cash,....................... | 5,00 |

36,35."

Plea, the general issue, and, in set off, the defendant filed
" a note of hand, dated Oct. 13, 1842, for one hundred and
fifty dollars, payable to the defendant, or order, on demand,
with interest, and signed by the plaintiff."

On the trial, the execution of the receipt was admitted.
The specification of the account was proved by the book
and suppletory oath of the plaintiff.   No further evidence
was offered by the plaintiff.   The execution of the note was
also admitted.   To the competency and sufficiency of the
plaintiff's evidence, the defendant took the following excep-
tions :

1.   That the money mentioned in the defendant's receipt
to the plaintiff for $85, appeared by the terms of the receipt
to have been received by the defendant, as a payment on

some claim due from the plaintiff to him, and no action could be maintained to recover back money thus paid.

2. That no evidence was offered of any demand on the defendant for the money mentioned in the receipt, prior to the commencement of the action; and the defendant, if liable at all to refund the money, is not liable until after such demand.

3. That there was no count in the declaration under which the plaintiff's book account could be recovered, and that the evidence offered, in relation to the charges specified as the account due from the defendant to the plaintiff, was inadmissible.

A verdict was taken for the plaintiff by consent, which the defendant moved to set aside for the reasons stated, and the questions arising thereon were reserved for the determination of this court.

*Morrison* and *Fitch*, for the plaintiff.

*Foster*, for the defendant.

Wilcox, J. The form of the declaration upon the account annexed, is not known to the common law. It is peculiar to some of the New England States. When the account is annexed to the writ, the plaintiff may support his action by his book of accounts, containing entries made at the time of the services rendered, or of articles delivered, accompanied by his suppletory oath. *Ryder* v. *Robbins*, 13 Mass. Rep. 284. But the account proved must be the same with that annexed.

In this case, the declaration would probably be good after judgment. The plaintiff might, perhaps, be able to prove the " amount due on account $75," as an amount fixed by agreement of the parties, without reference to items, and agreed to be charged as such. In that case, it would be quite analogous to an account stated. Such a charge and

agreement could not be proved by the book and oath of the party, but might by independent testimony.

But the plaintiff here does not undertake to prove the account annexed to his writ; but he offers evidence of various items of articles sold and delivered, and some items of cash, which, he says, is the same account with that sued. But it is not upon its face the same with the account annexed, and there is nothing in the evidence to show that it is the same intended to be covered by that account; for aught appearing, there may be other accounts between the parties. The practice, adopted in this case, is too loose and uncertain to receive the sanction of the court. It gives the party no notice, in fact, of the claim preferred in it; and it is less certain than a count for goods sold and delivered, or money paid, or money had and received, for it embraces every thing that may be charged in an account, and recovered in *assumpsit*. The objection was, therefore, well taken, that the evidence of the account proved, the entries and oath of the party, did not support the declaration in its present form. The declaration might, however, have been amended, by annexing to the writ the account offered in evidence, if the court were satisfied, by proof or otherwise, that it was the same account intended to be embraced in the writ. This is a point that has been settled in this court heretofore, after much discussion. *Burnham* v. *Spooner*, 10 N. H. Rep. 165; *Stevenson* v. *Mudgett*, 10 N. H. Rep. 338. But if the evidence might have been received under a mere specification, then all that discussion and the amendment itself were wholly unnecessary.

The first count is for money had and received, and under that the plaintiff gave in evidence a receipt, dated April 10, 1841, expressed in the following terms : " Received of James McQuesten $85, to be accounted for on settlement."

Now it is objected, on the part of the defendant,

1st. That the money mentioned in that receipt appears, by its terms, to have been received as a payment on some

McQuesten *v.* Young.

claim due from the plaintiff to the defendant, and that no action can be maintained to recover back the money thus paid.

2d. That no evidence was offered of any demand on the defendant for the money mentioned in that receipt, prior to the commencement of this suit, and the defendant, if liable at all to refund the money, is not liable until after a demand.

This is not a receipt of money to the plaintiff's use, or to be accounted for generally. It is received upon a special contract, and to be accounted for on a special contingency, upon settlement. It is as much a special contract as if the money had been received to be accounted for upon the happening of any other event. The plaintiff did not acquire a right of action immediately upon the signing of the receipt. The defendant was not bound to repay the money immediately. He was only to account for it on settlement, and the plaintiff must show either that the defendant has omitted, on settlement, to account for it, or that he has refused, on demand, to make a settlement.

*Verdict set aside.*