## LITTLE *v.* MORGAN.

An action of assumpsit will not lie upon a sealed instrument, and the adoption of that form of remedy, in such case, will constitute a proper ground for a motion for a nonsuit.

An amendment of a declaration, changing the form of action is not allowable.

Assumpsit, to recover the amount of an award of referees, founded upon a submission of the parties.

Upon the trial, it appeared that the submission was under seal. After the defendant had argued the case to the jury, he moved for a nonsuit, because the action should have been debt or covenant. The plaintiff moved to amend the declaration and file a declaration in debt, which the court refused, and ordered a nonsuit; to which refusal and order the plaintiff excepted.

And it was ordered that the questions arising in this case be reserved and assigned for the determination of this court.

*B. F. Whidden*, for the defendant.

The only question, in this case is, can the plaintiff amend his declaration in manner and form as proposed?

The action is assumpsit. Assumpsit is an action for the recovery of damages for the non-performance of a simple contract, or, in other words, a contract not under seal. The instrument declared on was under seal. 1 Chit. Pl. 99; Steph. Pl. 18; 2 Steph. N. P. 1058; 3 Black. Com. 157, 158; 2 Greenl. Ev. § 102; *Douglas & a.* v. *Oldham*, 6 N. H. Rep. 150.

An amendment, then, would be substituting a new and different form of action.

Woods, C. J. The nonsuit, in this case, was proper, provided the amendment asked for was not allowable. Assumpsit will not lie upon a sealed instrument. *Foster* v. *Allanson*, 2 D. & E. 482, Opinion of *Buller*, J.

The plaintiff proposed to amend, by striking out the count in asumpsit, and substituting a count in debt. The proposed amendment involves a change in the form of the action. Is such change allowable? The rule upon this subject is concisely and clearly and well stated in the opinion of the court, by *Parker*, C. J., in *Stevenson* v. *Mudgett*, 10 N. H. Rep. 338. It is there said that "an amendment is not admissible which is inconsistent with the nature of the declaration, or which changes the cause of action;" and *Butterfield* v. *Harvell*, 3 N. H. Rep. 201, is cited in support of the rule stated. In the same case, it is further said that "so long as the *form of action* is not changed, and the court can see that the identity of the cause of action is preserved, the particular allegations of the declarations may be changed and others superadded, in order to cure imperfections and mistakes, in the manner of stating the plaintiff's case."

Now a declaration in assumpsit is inconsistent with the nature of a declaration in debt. Debt will lie, in many cases, for a cause of action, where assumpsit will not lie. To adopt debt, by way of amendment, for assumpsit, in a case where assumpsit will not lie, is, in effect, to introduce into a declaration and make effective, and to allow a recovery for a cause of action, not before legitimately introduced into the declaration. The grounds of the action requiring the amendment, of course, constituted no cause for which such a form of action as was supposed would afford a remedy. The various forms of action have always been regarded as substantial and material. A uniform practice has treated them as being so. It would be thought absurd to allow a declaration in assumpsit, either ignorantly or with knowledge and by design, adopted for the recovery of a tract of land, to be changed to a plea of land, upon objection properly taken to the declaration. Yet, if a change in the form of action be allowable, it would be so in that case.

The proposition, in the present case, to alter the form of the action, we think, was properly refused, and there must be

*Judgment on the nonsuit.*