## Pike *vs.* Hanson and al.

A tax is not valid, which is founded upon an appraisement made by selectmen not sworn according to the act of January 4th, 1833.

Words are sufficient to constitute an imprisonment, if they impose a restraint upon the person, who is accordingly restrained.

Trespass, for an assault and false imprisonment on the 1st day of July, A. D., 1837. The action was commenced before a justice of the peace. The defendants pleaded severally the general issue. It appeared in evidence that the defendants were selectmen of the town of Madbury for the year 1836; that they assessed a list of taxes upon the inhabitants of said town, among whom was the plaintiff, and com-

mitted it to Nathan Brown, collector of said town, for collection. Brown, after having given due notice to the plaintiff, being in a room with her, called upon her to pay the tax, which she declined doing until arrested. He then told her that he arrested her, but did not lay his hand upon her; and thereupon she paid the tax.

Upon this evidence the defendants objected, that the action could not be maintained, because there was no assault.

It did not appear that the defendants had been sworn, as directed by the statute of January 4th, 1833. A verdict was taken for the plaintiff, subject to the opinion of the court.

*Hale,* for the plaintiff.

————, for the defendants.

WILCOX, J.   The statute of January 4th, 1833, 2 *Laws* 99, is imperative in its provisions. It directs, that the selectmen or assessors who shall make an appraisal of property for the purposes of taxation, shall, before entering upon the duties of their office, take and subscribe an oath in the form prescribed, the tenor of which is, that they will make a just and true appraisement of all ratable estate subject to the assessment of public taxes, at its true value in money, according to their best judgment. This provision of the statute cannot be deemed merely directory. It was designed for the protection and security of the citizen, whose rights are in some degree in the discretion of the assessors. The legislature intended, by the special oath thus required formally to be taken and subscribed by the assessors, to guard as far as possible against all abuse of this discretion; and we cannot dispense with so important a requisition. We therefore hold, that as the appraisement was made in a manner not authorized by law, all the proceedings of the defendants are void; and they are liable as trespassers for the forcible collection of this tax.

But it is contended, that in the present case there has been no assault committed, and no false imprisonment. Bare words will not make an arrest; there must be an actual touching of the body; or, what is tantamount, a power of taking immediate possession of the body, and the party's submission thereto. *Genner* vs. *Sparks*, 1 *Salk.* 79; 2 *Esp. N. P.* 374. Where a bailiff, having a writ against a person, met him on horseback, and said to him, "You are my prisoner," upon which he turned back and submitted, this was held to be a good arrest, though the bailiff never laid hand on him. But if, on the bailiff's saying those words, he had fled, it had been no arrest, unless the bailiff had laid hold of him. *Homer* vs. *Battyn*, *Buller's N. P.* 62. The same doctrine is held in other cases. *Russen* vs. *Lucas & al.*, 1 *C. & P.* 153; *Chinn* vs. *Morris*, 2 *C. & P.* 361; *Pocock* vs. *Moore*, *Ryan & Moody* 321; *Strout* vs. *Goock*, 8 *Greenl.* 127; *Gold* vs. *Bissell*, 1 *Wend.* 210.

Where, upon a magistrate's warrant being shown to the plaintiff, the latter voluntarily and without compulsion attended the constable who had the warrant, to the magistrate; it was held there was no sufficient imprisonment to support an action. *Arrowsmith* vs. *LeMesurier*, 2 *N. R.* 211. But in this case there was no declaration of any arrest, and the warrant was in fact used only as a summons. And if the decision cannot be sustained upon this distinction, it must be regarded as of doubtful authority.

Starkie says, that in ordinary practice words are sufficient to constitute an imprisonment, if they impose a restraint upon the person, and the plaintiff is accordingly restrained; for he is not obliged to incur the risk of personal violence and insult by resisting, until actual violence be used. 3 *Stark. Ev.* 1448. This principle is reasonable in itself, and is fully sustained by the authorities above cited. Nor does it seem necessary that there should be any very formal declaration of an arrest. If the officer goes for the purpose of executing his warrant; has the party in his presence and

power ; if the party so understands it, and in consequence thereof submits, and the officer, in execution of the warrant, takes the party before a magistrate, or receives money or property in discharge of his person, we think it is in law an arrest, although he did not touch any part of the body.

In the case at bar, it clearly appears that the plaintiff did not intend to pay the tax, unless compelled by an arrest of her person. The collector was so informed. He then proceeded to enforce the collection of the tax—declared that he arrested her—and she, under that restraint, paid the money. This is a sufficient arrest and imprisonment to sustain the action, and there must, therefore, be

*Judgment on the verdict.*