## BRACKETT & a. v. CROOKS.

In an action of assumpsit for $200 for money had and received by the defendant to the use of the plaintiffs, before the date of the plaintiff's writ, which writ was dated September 18, 1851, the suit was commenced by a capias, and the defendant was arrested and held to bail, and there was no affidavit on the back of the writ; but the plaintiffs showed by their affidavit that the action was commenced for the money of the amount of a promissory note, given by the defendant to the plaintiffs prior to the 1st day of March, 1841.

A motion on the part of the defendants to quash the writ, on account of an alleged irregularity in the issuing of the writ against the body of the defendant, without an affidavit upon the back thereof, was denied.

Where in an action of assumpsit for money had and received, commenced September 18, 1851, it was shown by the affidavit of the plaintiffs that the suit was brought to recover the amount of a promissory note given prior to March 1, 1841 ; upon motion, leave was granted the plaintiffs to amend, by adding a special count upon the note.

ASSUMPSIT for $200, money had and received by the defendant to the plaintiffs' use before the date of the writ. The suit was commenced on the 18th of September, 1851, by capias, and on the day of the date of the writ the body of the defendant was arrested and held to bail. There was no affidavit on the back of the writ. The defendant moved to quash the writ. The plaintiffs offered their affidavit, in which it was set forth that the suit was brought to recover the amount due upon a promissory note given by the defendant to the plaintiffs prior to the 1st of March, 1841, and that the note, not being at hand at the time the writ was made, could not be specially declared on, and moved for leave to amend the declaration by adding a special count upon the note, or by striking out the count for money had and received, and inserting such special count upon the note in place thereof. And thereupon it was ordered that the questions arising upon the foregoing case be reserved and assigned for the consideration of this court.

*William J. Bellows*, for the plaintiff.

It does *not* appear by the declaration that the writ was "founded on a contract made after the 1st day of March, 1841." There is therefore no irregularity.

---
Brackett *v.* Crooks.
---

The declaration is sufficient to recover the amount of a promissory note dated prior to March 1st, 1841.

*H. Bingham,* for the defendant.

The writ should be quashed because it runs against the body, and was served by arrest without the affidavit required by law, and when the writ does not disclose a cause of action authorizing an arrest, but on the contrary, so far as the cause of action is disclosed by the writ, it appeared to be a cause of action upon which an arrest is wholly unauthorized by law. Rev. Stat., chap. 185, § 8; Acts of June session, 1843, chap. 35; Bell's N. H. Justice and Sheriff, p. 79; *Cook* v. *Lothrop,* 6 Shepl. 260; 5 U. S. Dig., p. 989.

WOODS, J. This action was assumpsit for money had and received by the defendant to the use of the plaintiffs before the date of the writ. Proof of such indebtedness of the defendant, arising either before or after the 1st day of March, 1841, would well maintain the allegations in the declaration. Upon the face of the writ nothing appeared showing that it was improperly issued against the body of the defendant, nor was any such fact shown upon the pleading of the defendant, or upon proof furnished by him to the court. The provision of the statute upon which the defendant relies to sustain his motion to quash the writ, is § 8, chap. 185, Rev. Stat. It is there provided that "No person shall be arrested upon any writ or execution founded on a contract made after the first day of March, one thousand eight hundred and forty-one, unless the plaintiff, or some person in his behalf, shall make an affidavit before a justice on the back of such writ," &c. The statute then creates an exception to the general rule, which allows the arrest of the body upon writs issued upon civil contracts. And we are of the opinion that, where the exception is not shown by the declaration, if the defendant would avail himself of it, he must make it appear either upon his pleading or proof. It is not to be inferred from a declaration like the present, that the alleged cause of action was

a contract entered into subsequently to March 1, 1841. Moreover, in the present case, the note intended to be embraced by the declaration is shown to have been given prior to that time; and the note was clearly competent proof to sustain the declaration. In point of fact, the action was founded upon a contract entered into prior to March 1, 1841, and the proof showing that fact is not in conflict with the declaration. We see no sufficient ground upon which the motion of the defendant can be sustained, and it must therefore be denied.

We think also that the plaintiffs may well be allowed to amend their declaration in the manner proposed. The addition of a special count upon the note intended to be covered by the general count, will not operate to introduce into the declaration a new cause of action, nor can it be regarded as a change of the cause of action originally declared upon. The new count proposed will have the effect only of a complete and perfect statement of the particulars of the contract upon which the action is founded. In *Burnham* v. *Spooner*, 10 N. H. Rep. 165, where the original count was upon a promissory note given for the price of certain goods, wares and merchandize, the plaintiffs were permitted to amend by filing a count for goods, wares and merchandize sold and delivered by the plaintiff to the defendant, for which the note was given. The court there say, "It (the note) is not, to be sure, on its face, a promise to pay for the goods, but the suit upon it is in effect a suit to recover the money for the goods. We are of the opinion, therefore, that the ground of the action is substantially the same, within the meaning of the rule." And numerous cases are found in the books where minors have been sued upon promissory notes, and upon objection being interposed to a recovery thereon, the plaintiff has been permitted to amend by inserting a count for goods sold, which constituted the consideration for the note. In principle we think those cases cannot be distinguished from the present, so far as the right to amend is concerned. In neither case is the ground of action changed, or a new cause introduced, but the same

---

---

cause is retained in a more appropriate count or form of declaration. *Merrill* v. *Russell*, 12 N. H. Rep. 74, and the cases there cited.