## JACOB S. NEWELL v. EZRA HORN.

In case against the defendant, founded on his fraudulent representations, in relation to lands sold by him to plaintiff, the defendant will not be permitted to show in evidence such declarations of his deceased father, who was his grantor, as appeared to be in support of his title, and in his own favor.

In actions, founded on *torts*, connected with matters of contract, so much of the contract must be stated in plaintiff's declaration, as is necessary to describe the wrong, or as qualifies the nature and character of the wrong.

The plaintiff was allowed to amend his declaration, so as to set out clearly the contract in relation to the whole lands purchased, the wrong of the defendant, and the mode of obtaining indemnity for the injury sustained.

The amendment allowed was consistent with the original declaration of plaintiff.

CASE for a false and fraudulent representation in regard to the boundaries of lot 66, in Dummer. The declaration is as follows:

In a plea of the case for that whereas the said defendant, to wit, at Dummer, in said county, to wit, on the fourth day of September, A. D. 1854, in consideration of a certain price to wit, one thousand dollars paid by the plaintiff to the defendant, did bargain, sell and convey unto the plaintiff, a certain lot of land situated in said Dummer, and numbered sixty-six. [*Amendment:* and a certain other parcel of land, situate in Milan, aforesaid, lying southerly of said lot No. 66, and adjoining the same, containing three and one-half acres, more or less ; and also a certain other parcel of land, situate in Dummer, aforesaid, lying westerly of said lot No. 66, and adjoining the same, containing five acres, more or less,] and upon making said bargain, sale and conveyance, the said defendant did then and there warrant that the true and original line and boundary of said lot of land, included a certain field and tract of woodland on the easterly end thereof, containing thirty acres ; and a certain parcel of woodland on the northerly side of said lot containing twelve acres ; and also a certain other parcel of land on the westerly end thereof, containing ten acres, all of the value of five hundred dollars. Yet the plaintiff avers that the said three parcels of land above described were not at the time of said bargain, sale and conveyance, included within the true and original line and boundary of said lot, numbered sixty-six, [*Amendment:* and said other two parcels of land above described adjoining said lot No. 66,] but were then and there parcels of other and adjoining lots of land claimed and owned by other persons, as the said defendant then and there well knew, whereby the plaintiff, upon said bargain, sale, conveyance and warranty, was then and there greatly deceived and defrauded, to the damage of the said plaintiff, as he says, the sum of six hundred dollars."

It appeared that James H. Horn, the father of the defendant, occupied this lot several years, clearing up some part of it and cultivating it before Ezra came in possession of it. Defendant introduced the deposition of Ransom Twitchell, in which was the following question and answer, which being objected to, the court excluded, and defendant excepted :

*Question.* "Do you know where the east line of said lot was claimed to be by James H. Horn, before he conveyed to Ezra ?"

*Answer.* "I do not, only from what Mr. Horn stated, that it was in the 'long tier,' or wide range."

The court, against defendant's exception, allowed one George Pierce to testify that he had for several years acted as agent for A. W. Haven, in relation to his lands in Dummer, and that acting as such agent he had entered upon lot 67, in Dummer, for him, and claimed said lot for said Haven.

Defendant offered to prove that when he purchased lot No. 66, of his father, his father called it a large lot, which the court excluded, and the defendant excepted.

But, as bearing on the question of fraud, the court allowed the defendant to state what representations were made to him by his father and others, at the time he bought, and before, when they had described the

bounds and lines and what they had said to him about its being a large lot or a long lot, or in a wide range.

After the evidence on the part of the plaintiff was put in, and before the cause was argued or submitted to the jury, the defendant by his counsel moved for a nonsuit on account of a variance between the plaintiff's declaration and the evidence offered to support it in this, to wit: the declaration is that the plaintiff bargained with the defendant to buy lot No. 66, for $1000, and the proof is that he bargained with the defendant to buy No. 66, and two other tracts of land, for $1000; whereupon plaintiff moved for leave to amend the declaration by inserting a description of the two other tracts; which amendment the court allowed and the defendant excepted. Said amendment may be referred to as part of this case.

Defendant claimed that if said amendment was allowed it should only be on terms of paying all costs from the commencement of the suit and taxing none, while the plaintiff claimed that no costs should be allowed, as it had not and would not prejudice the trial of the defendant's case. But the court refers this question of terms to the Law Term with the other questions in the case for determination, and all said questions of law are hereby reserved.

*Benton & Ray*, for plaintiff.

*Fletcher & Heyward*, for defendant.

NESMITH, J. This was case for a false and fraudulent representation made by defendant, in regard to the boundaries of lot No. 66, in Dummer, and other adjoining lands. At the trial before the jury, the court excluded the testimony of Ransom Twitchell, who testified to the declaration of James H. Horn, the father and grantor of the defendant, in relation to the east line of lot No. 66. The defendant excepted to the ruling of the court. The evidence offered did not come within the recognized exception to the general rule, under which hearsay evidence of the declarations of deceased occupants of real estate is held to be admissible on the trial of an issue of title. The inquiry made of the witness was not for the purpose of showing that the tenant's ancestor, *when on the land*, made a *declaration accompanied by an act*, such as *pointing out a monument*, or existing *boundary*. Nor did the question tend to elicit statements from the witness, in disparagement of his apparent title, as indicated by his possession. On the contrary, the declaration of the deceased occupant, sought to be proved, appeared to be in support of his own title, and in his own favor, and in derogation of the title of him under whom the *demandant* claims. The evidence in this point of view was evidently incompetent. *Smith* v. *Powers*, 15 N. H. 546; *Morrill & als.* v. *Titcomb & als.*, 8 Allen 100.

The court, also against defendant's exception, allowed George Pierce, who had been agent for a number of years, of lands for A. W. Haven, Esq., to testify, that, as his agent, he had entered upon lot No. 67 in Dummer, and claimed said lot for him. It is very difficult to perceive

the pertinency of this evidence. There is nothing in the case to show that either party actually claimed any ownership in this lot. Nor is there anything stated here to render the possession of this lot of importance to either side. The testimony of Pierce probably went far enough to establish a possessory title in Haven to lot 67, which may be good against a stranger, or wrong-doer, but not available against the real owner, who holds the *bona fide* paper title. *Lund* v. *Parker,* 3 N. H. 49 ; *Hubbard* v. *Little,* 9 Cush. 475.

It is sufficient to say that Haven's entry upon this lot by his agent will give him a constructive possession of all which his true paper title covers. *Tappan* v. *Tappan,* 31 N. H. 41. We see no reason to find fault with the ruling of the court, in admitting Pierce to testify on this point. Nor do we see how the defendant was injuriously affected by his testimony. We therefore overrule this exception.

As bearing upon the question of fraud, the main point in issue between the parties, it appears to us, the court, who tried the cause, was sufficiently indulgent to the defendant, in allowing him to state what his father and others had represented to him, both before, and at the time, he bought lot 66, as to its boundaries and extent, and that it was a large lot, and in a wide range. Generally, the written description in the conveyance of the land gives the party the highest kind of testimony as to the amount conveyed. In the absence of the best evidence, we sometimes go to secondary sources for information. Here, to rebut any and all presumption that the party had intended to misrepresent the quantity of land he had conveyed to plaintiff, he was permitted to explain what his father and others had told him in relation to the quantity of land embraced in his deed. We do not see upon what grounds the defendant can now make complaint. We think he had all the opportunity the law could rightfully give him to enlighten the jury. As to the *amendment* of plaintiff's declaration, we think it material that the declaration should embrace such allegations as would substantially show the original contract, as made between the parties, and that this contract included within its terms, or was expected to include, the two tracts of land which now constitute the amendment in this case. Plaintiff was deceived by the false representations made with reference to these lands.

In actions founded on torts, connected with contracts, so much of the contract must be stated, as is necessary to describe the wrong, and so much qualifies the nature and character of the wrong. *Webster* v. *Hodgkins,* 25 N. H. 128. The extent of the wrong could not be made intelligible, nor the just foundations laid for damages in this case, if we were to allow the omission of these lands from the declaration, or a proper reference to them. The declaration, as amended, sets out what plaintiff understood the entire contract to be, and indicates clearly the wrong of the defendant, and shows the jury how they could make indemnity, at the same time, preserving the form of the original action, and the identity of the cause of the same. If the form of the action be not changed, and the identity of the cause of action be preserved, the particular allegations in the declaration may be changed by amendment, and other allegations may be superadded, in order to cure imperfections

and mistakes in the manner of stating the plaintiff's case.   *Stevenson* v. *Mudgett*, 10 N. H. 338.

In this instance, we think the court properly exercised the power of amendment as to the terms.   It does not appear that the amendment occasioned any material delay of the cause, or any particular surprise to the defendant.   It appears to us the only just ground for allowing terms would be, in the nature of punishment, upon the plaintiff, for not exercising due care in the preparation of his declaration.   And for his negligence in this behalf, we impose the sum of *five dollars.*

*Judgment on the verdict.*