CAHILL v. TERRIO.        { Aug. 12,
                          { 1875.

*Amendment—Pleading—False imprisonment.*

In trespass for assault and battery, the declaration may be amended so as
to include an allegation of unlawful detention or imprisonment.

TRESPASS, for assault and battery.  The declaration is as follows:
"In a plea of trespass for that the defendant, at Somersworth, on the
twentieth day of June, 1873, with force and arms, made an assault upon
the plaintiff, and beat, bruised, and ill-treated him, and violently threw
him upon the ground, and cruelly bruised and wounded him there
lying by striking him with his fists and clubs, and, kicking him, broke
sundry bones and dislocated one of his shoulders, choked him, and
other injuries then and there did, against the peace, and to the damage
of the said plaintiff, as he says, the sum of three thousand dollars."
This action was entered at the September term, 1873, and, within the
time fixed by the rules, the defendant filed the general issue, and three
special pleas.  In his first plea he alleged, that he was a police officer
of the town of Somersworth, and arrested the plaintiff for making a
great noise and disturbance in a public place in said Somersworth; that
the plaintiff thereupon assaulted him, the said Terrio, and him would have
beaten, wounded, and abused, whereupon he defended himself against
the plaintiff, so that, if any damage happened to the plaintiff, it was
from the proper assault of the plaintiff committed in the defendant's
own defence, and is the same assault of which the plaintiff in his dec-
laration complains against the defendant.  For a second plea, the
defendant pleaded *son assault demesne.*  For a third plea, the defendant
pleaded that, at the time and place of the trespass above supposed, the
plaintiff was unlawfully upon the premises of the Great Falls Riding
Park, and refused to leave when requested, and the defendant, as their
servant and at their request, gently laid hands on him to remove him,
as he lawfully might; whereupon, and immediately, the plaintiff
assaulted him, the defendant, and him would have beaten, wounded,
and abused, whereupon he defended himself against the plaintiff, so
that, if any damage happened to the plaintiff, it was from the proper
assault of the plaintiff committed in the defendant's own defence, and
is the same assault of which the plaintiff in his declaration complains
against the defendant.

At the February term, 1875, the plaintiff moved for leave to amend
the writ, by inserting after the words "choked him," the words follow-
ing: "And imprisoned him and detained him in prison for the space of
one day and one night, to wit, from the twentieth day of June to the
twenty-first day of June, A. D. 1873."  The court allowed the amend-
ment, and the defendant excepted.  The plaintiff filed a general demur-
rer to the three special pleas, which the court *pro forma* sustained, and

the defendant excepted. If the amendment to the writ is within the discretion of the court, then it has been exercised.

The questions of law arising on the foregoing case were transferred to the superior court by STANLEY, J.

*Wheeler*, for the plaintiff.

*Copeland*, for the defendant.

SMITH, J. The defendant objects to the proposed amendment, not because the form of the action is changed, nor that the identity of the cause of action is not preserved,—for the amendment is open to neither of these objections,—but because another or new claim of the same character as the original claim is introduced by the amendment. If this objection is well taken, the amendment cannot be allowed, although the declaration might originally have been framed, as the plaintiff now desires to have it, by his amendment.

A person may be guilty of an assault merely, without being guilty of a battery; but every battery includes an assault,—and so a person may be guilty of an assault and battery, without being guilty of the unlawful detention, or, as it is commonly called, the false imprisonment of the person assaulted, because every act of assault and battery does not include the unlawful detention of the person injured; but every unlawful detention of an individual necessarily includes at least a technical assault and battery;—so all the forms in the books for false imprisonment contain also the charge of assaulting and beating. 2 Chitty's Pl., 423*; Morrison's Jus. & Sheriff 95; Bell's Jus. & Sheriff 41. "A very frequent and important instance of assault and battery is that technically termed *false imprisonment*, which consists in the unlawful restraint of a person contrary to his will, either with or without process of law." 1 Hill. on Torts 207.

Bouvier's Law Dict., art. Battery: "Any unlawful beating, or other wrongful physical violence or constraint, inflicted on a human being without his consent." 2 Bish. Crim. Law, sec. 62; 17 Ala. 540. In ordinary practice, words are sufficient to constitute an imprisonment, if they impose a restraint upon the person; and the plaintiff is accordingly restrained, for he is not obliged to incur the risk of personal violence and insult by resisting, until actual violence be used. 3 Stark. Ev. 1448; *Pike* v. *Hanson*, 9 N. H. 491.

Comyns's Digest, Battery, E. 1: "For a Threat, Assault, Battery, or Mayhem, the Party shall have a Remedy by Action of Trespass, *quare minas imposuit ita quod*," &c. Lut. 1428.

*Quare in ipsum insultum fecit et ipsum verberavit*, &c.—F. N. B. 86, I; and such is the form, though he does not wound him—F. N. B. 86, K; *quare in ipsum insultum fecit, verberavit, vulneravit, et imprisonavit*, &c. —F. N. B. 86, K; *quare cepit, imprisonavit, et imprisona quo-usque finem*, &c., *fecisset detinuet*—F. N. B. 86, K.

Unlawful or false imprisonment, then, is an incident of assault and bat-

tery. It is an additional particular of the injuries complained of, omitted in the original draft of the declaration, although it adds another item to the list of grievances set forth. " So long as the cause of action is not changed, and the court can see that the identity of the cause of action is preserved, the particular allegations of the declaration may be changed and others superadded in order to cure imperfections and mistakes in the manner of stating the plaintiff's case." *Stevenson* v. *Mudgett*, 10 N. H. 338. This is often done in order to obviate a variance between the allegations and the proof. The unlawful detention is a part of the same assault and battery, and not another and distinct wrong, and the whole constitutes a succession of acts of direct trespass, all remediable by an action of the same class. The declaration sets forth an assault and battery of the plaintiff, by beating, bruising, throwing him upon the ground, striking him with clubs, breaking his bones, dislocating his shoulder, &c., " and other injuries then and there did," &c. The additional averment of false imprisonment was perhaps omitted under a supposition that this additional matter might be offered in evidence under the *alia enormia* charged in the declaration ; and I have found no authority that would forbid it, and perceive no reason why it may not be done. The substantial injury, however, complained of, is the assault and beating : the unlawful detention, which may be regarded as a continued assault and battery, is one of the incidents of the wrong inflicted, and is in no way inconsistent with or changes the cause of action as originally drawn.

My conclusion is, that the amendment is admissible.

The plaintiff has demurred, generally, to the special pleas. No causes have been assigned wherein the pleas are not sufficient. The question is not material, for the plaintiff having amended his declaration, the defendant has the right to amend his pleas or plead anew. If the pleas are defective, the defect is informal only ; and, under the authority of *Berry* v. *Osborn*, 28 N. H. 279, a special demurrer will not lie under our statute for any defect or want of form only, nor for any error or mistake where the person and case may be rightly understood by the court. The demurrer should be overruled.

CUSHING, C. J. In this action the question whether the amendment is admissible is to be determined by the ordinary rule. Is the matter proposed to be introduced, an additional description of the same cause of action, or a description of a different cause of action ? In this case, that must be determined by the language used. It is evident that all which is alleged in the amended declaration might well enough be one continuous transaction. The mode in which the different parts are connected together by the conjunction " and," and the construction of the sentence, evidently relate to a single continuous transaction, of which one incident, viz., the imprisonment, having been at first omitted from the declaration, is introduced by the amendment. Considered in this view, the amendment only, completing the description, is clearly admissible.

If at the trial there should be an attempt made to introduce two separate transactions, it would be the duty of the court to exclude the evidence.

The rule is too well established to need the citation of authorities. The whole difficulty is in the application. In this case the amended declaration, in its terms, describes a single transaction, and at the trial there will be no difficulty in confining the proof accordingly.

The amendment, of course, must be upon terms of indemnity. The pleas do not fully answer the amended declaration, and the defendant must have leave to amend his pleadings to meet the additional matter.

As the declaration originally stood, I do not see why the pleas are not sufficient, and no objection is suggested in the plaintiff's brief. The new pleading, then, being rendered necessary by the amendment, the terms of the amendment ought to be reasonable indemnity against the expense and delay.

LADD, J., concurred.

*Amendment allowed and demurrer overruled.*