Aug. 13, }
  1875. }                       GILMAN *v.* CATE.

*Amendment.*

In an action of trespass *qu. cl. fr.*, the plaintiff having by mistake described
the west line of the *locus in quo* 32 rods east of the line he intended,
was permitted to add a new count describing the *locus* as originally in-
tended.   *Held,* that the amendment was admissible.

FROM GRAFTON CIRCUIT COURT.

TRESPASS, *qu. cl. fr.*   The plaintiff moved to amend by filing a new
count, as follows, viz.,—"Also for that the defendants, on the thirteenth
day of January, 1873, and on divers days and times, from said thirteenth
day of January, 1873, to the date of the purchase of this writ, with force
and arms broke and entered the plaintiff's close, situated in said Beth-
lehem, bounded and described as follows :  Beginning at the south-east
corner of lot 62, designated by number only ; thence westerly to a
point where formerly a spruce tree stood, marked on four sides as a
corner ; thence north nine degrees east, one hundred rods ; thence
running easterly, at right angles with the last described line, to the
check line between said lot 62 and lot 61, designated by number only ;
thence southerly to the bound began at, being the south half of lot 62,
designated by number only, as claimed by the plaintiff—and cut down
and carried away one hundred spruce trees of the plaintiff of the value
of two dollars each, and converted them to their own use, against the
peace."

The original declaration, and the grounds upon which the new count is allowed to be filed, are stated in the following affidavit, which is made a part of the case: "I, Evarts W. Farr, of Littleton, in the county of Grafton and state of New Hampshire, depose and say, that I am counsel for the plaintiff in the action *Albert Gilman* v. *B. & C. F. Cate and Samuel Thompson;* that I was counsel at the commencement of the suit, and drew the original writ; that said cause has been referred to a referee, and a partial hearing had ; that said action is trespass *quare clausum*, and the *locus in quo* is described in the original declaration as follows: 'The plaintiff's close, situated in said Bethlehem, and being the south half of lot number 62, designated by number only, and usually called the David F. Gilman farm;' that at the time of making the said declaration, I understood the boundaries of the south half of said lot 62 to be the same as those described in the new count, and intended to sue for the same trespass and taking in the original declaration, as is set forth in the amended count, by more particularly describing the monuments claimed by the plaintiff as the boundaries of the south half of the said lot 62. I do not intend or expect to prove or recover for any other or different trespass under the second count, than I intended or expected to prove or recover for under the original count; that, at the partial hearing before the referee, the plaintiff proved title to the *locus in quo* as described in the amended declaration, and that he and his grantors had been in possession of the same for a series of years. The defendants, without showing any title or possession except the trespass committed, offered evidence that they claimed tended to prove that the westerly line of said lot 62 was some thirty-two rods east of the westerly line of said lot, as claimed and proved by the plaintiff, and that said trespass was committed within said two lines, and claimed that the plaintiff could not recover for said trespass under the description of the *locus in quo* in the original declaration, if said referee should find said lot line to be where they claimed it. Wherefore the plaintiff asks leave to file said new count, specifying known fixed boundaries upon the land as claimed by him to be the true westerly line of said lot 62, and the line which he intended to describe in the original declaration."

The amendment was allowed, and the defendants excepted. The questions arising on the foregoing case were transferred to this court by STANLEY, J., but no question of discretion was transferred.

*Bingham & Mitchell,* for the defendants.

In this case, the plaintiff seeks the amendment of his original declaration by the addition of another count ; and to this the defendants object, and contend that the count proposed is inconsistent with the original declaration, and presents a new and different cause of action. The following diagram shows the lines as claimed by each of the parties to the controversy:

A B C.　West line of 62, as claimed by the defendants.

G H I.　West line of 62, as claimed by the plaintiff.

B C I H.　Territory in dispute.

C.　Birch tree, claimed by the defendants as south-west corner of lot 62.

I.　Spruce tree, mentioned in the plaintiff's proposed count.

I. The plaintiff's original count describes the *locus in quo* as "the plaintiff's close, situated in said Bethlehem, and being the south half of lot No. 62, designated by number only, and usually called the David F. Gilman farm." It is unmistakably clear that this count alleges a trespass on lot No. 62 only. Assuming, and as the defendants insist it was palpably evident in the partial trial before the referee, that the west line of lot 62 is A B C, then the territory covered by the south half of lot 62 is indicated on the diagram by B E F C. In the proposed count the *locus in quo* is described by metes and bounds, and embraces the territory indicated by H E F I on the above diagram, which is, as the defendants contend, an extension of the territory covered by and described in the original declaration; *i. e.*, the proposed count describes the *locus in quo* as covering the territory indicated by H B C I, in addition to the land embraced within B E F C, the land described in and covered by the original declaration.

II. The alleged trespass was committed upon the land indicated by H B C I. Now, if the west line of lot 62 is A B C, then it is quite clear that there was no trespass upon lot 62, and equally as clear that there was no cause of action as set forth in the plaintiff's original declaration. But the proposed declaration describes and includes territory not described or included in the original declaration, and consequently raises for the defendants to meet an entirely different cause of action, viz., an alleged trespass upon the land bounded and described in the proposed count, whether the same is covered by lot 62 or not.

III. A different issue is presented in the proposed count from the one presented in the original. The gist of the action set forth in the original declaration is an alleged trespass upon lot 62, and the establishment of A B C as the westerly boundary of said lot 62 is the end of said action under the original declaration. But the gist of the action set forth in the proposed declaration is an alleged trespass upon the territory embraced within the bounds named in the proposed count. Whether the same is upon lot 62 or on lot 63, which adjoins it on the west, and the establishment of the true westerly boundary of lot 62 to be A B C, is not a complete defence and an

end of the action, as it would be under the original declaration ; but the defendants must show in themselves, or some person under whom they were acting, a title superior to that of possession. In other words, under the original declaration the plaintiff is obliged to prove and the defendants are compelled to meet only a trespass upon lot 62 ; while under the proposed count the plaintiff need establish only a trespass upon the bounded territory, whether it be upon lot 62 or lot 63, and the defendants would be compelled to establish not only that the trespass was not upon lot 62, but, also, that to the land upon which the alleged trespass was committed they had a title paramount to possession.

IV. A pertinent inquiry to be put in this connection is, Do the pleadings and case made by the plaintiff show a necessity for the proposed amendment, in order that the plaintiff may be enabled to recover for a trespass on lot 62 ? Or is there any propriety in, or authority for, allowing the amendment of an action, which was brought originally for a trespass upon lot 62, so as to enable the plaintiff to recover for a trespass upon lot 63 ? We submit there is no demand for an amendment of the plaintiff's declaration, to cure imperfections in his original declaration and enable him to recover for a trespass upon lot 62. The description of the *locus in quo* in the original declaration is certain, specific, and unmistakable, viz., " the south half of lot 62, designated by number only, and usualy called the David F. Gilman farm." The question is, Was there a trespass committed by the defendants on lot 62 ?

V. The description in the original declaration being sufficient and unmistakable, there is no occasion for its amendment, unless it is to enable the plaintiff to introduce a new cause of action and thereby compel the defendants to meet a new issue ; and this, according to the well settled and familiar rule of law in this state in reference to amendments of declarations, cannot be done. An amendment which is allowable, is one that enables the plaintiff to make a more perfect statement of his cause of action, and cure imperfections existing in the manner in which he stated it in his original declaration. The identity of the cause of action must be preserved. The amended count must be consistent with the original count or counts, and subject to the same plea ; and it must be one under which the plaintiff can recover nothing more or further than that which could be recovered under the original declaration. 16 Rule of Court ; *Butterfield* v. *Harvell*, 3 N. H. 201 ; *Edgerly* v. *Emerson*, 4 N. H. 147 ; *Burnham* v. *Spooner*, 10 N. H. 165 ; *Stevenson* v. *Mudgett*, 10 N. H. 338 ; *Goddard* v. *Perkins*, 9 N. H. 490 ; *Lawrence* v. *Langley*, 14 N. H. 72 ; *Thompson* v. *Phelan*, 22 N. H. 346 ; *French* v. *Gerrish*, 22 N. H. 97 ; *Melvin* v. *Smith*, 12 N. H. 463 ; *Hall* v. *Dodge*, 38 N. H. 349 ; *Wood* v. *Folsom*, 42 N. H. 70 ; *Burt* v. *Kinne*, 47 N. H. 361 ; *Willis* v. *Crooker*, 1 Pick. 203 ; *Slater* v. *Nason*, 15 Pick. 348 ; *Robertson* v. *Miller*, 37 Me. 312 ; *Annis* v. *Gilmore*, 47 Me. 152 ; *Milliken* v. *Whitehouse*, 49 Me. 527 ; *Cooper* v. *Waldron*, 50 Me. 80.

VI. It may be contended that although a trespass is proved on the

territory described in the proposed count, but not on lot 62, still no different recovery can be had under the proposed count from that which could be had under the original. But this is not so ; the bounds govern : and if the amendment is allowed, and then a trespass shown within the bounds, even though it be not on lot 62, the plaintiff can maintain his action as against a person not having a title paramount to that of possession. *Poor* v. *Gibson*, 32 N. H. 418 ; *Tenny* v. *Beard*, 5 N. H. 61. The plaintiff then being able under the proposed count to recover for a trespass upon land, for which he could not recover under his original declaration, is it not clear that the proposed count introduces a new and different cause of action, with a new and different ground of defence ?

VII. It is said in the affidavit, constituting part of the printed case, that the counsel " intended to sue for the same trespass, and taking in the original declaration as is set forth in the amended count; " but as is laid down by WILCOX, J., in *Goddard* v. *Perkins*, 9 N. H. 490, " it is not sufficient that it relate to the same transaction which the plaintiff intended to meet in his original count, provided the cause of action in the two counts be clearly different." The fact that the counsel in his original declaration intended to sue for a trespass on lot 5 in Bethlehem, but declared for a trespass on lot 6 in Lisbon, will not authorize him, we submit, to amend his declaration so as to enable him to recover for a trespass on lot 5 in Bethlehem. Nor will the fact that the plaintiff intended to recover in an action of trover for the conversion of a pair of oxen, but declared for the conversion of two cords of wood, entitle him to amend and recover for the oxen. See authorities before cited.

VIII. It is also stated in said affidavit, that, on the partial trial before the referee, " the defendants offered evidence without showing any title or possession except the trespass committed." To rebut the inference that the defendants had no title or possession in the controverted land, they would state that the stage of said hearing had not been reached when they saw fit to put in their title, or the title of the person under whom they were acting.

*Farr & Stevens* (with whom was *G. A. Bingham*), for the plaintiff.

I. Amendments are allowed by the court to enable the plaintiff to sufficiently set forth an imperfectly stated cause of action. *Edgerly* v. *Emerson*, 4 N. H. 148 ; *Goddard* v. *Perkins*, 9 N. H. 490 ; *Stevenson* v. *Mudgett*, 10 N. H. 338, 342 ; *Burnham* v. *Spooner*, id. 165 ; *Elliot* v. *Abbot*, 12 N. H. 549 ; *Perley* v. *Brown*, id. 493 ; *Bank* v. *White*, 17 N. H. 389 ; *McQuestion* v. *Young*, 21 N. H. 462 ; *Downer* v. *Shaw*, 23 N. H. 125 ; *Pierce* v. *Wood*, id. 519 ; *Brackett* v. *Crooks*, 24 N. H. 173 ; *Bassett* v. *Salisbury Manufacturing Co.*, 28 N. H. 440 ; *Rollins* v. *Robinson*, 37 N. H. 579, 595 ; *Davis* v. *Hill*, 41 N. H. 329 ; *Haverhill Insurance Co.* v. *Prescott*, 42 N. H. 549 ; *Burleigh* v. *Merrill*, 49 N. H. 35 ; *Stearns* v. *Wright*, 50 N. H. 293 ; *Jenness* v. *Wendell*, 51 N. H. 63 ; *Ballou* v. *Tilton*, 52 N. H. 605 ; *Brown* v. *Leavitt*, id. 619. In the

case at bar the court will observe the following facts, which clearly bring the amendment within the general rule : (1) That the plaintiff, when he made his original declaration, supposed without question that the west line of lot 62 was the west line of the tract described in the amended count ; (2) that at the partial trial the plaintiff proved title and possession in himself to the south half of lot 62, bounded as he has described the monuments in his amended count ; (3) that the defendant was a naked trespasser without title, attempting to defend the action on the ground that the plaintiff having described the *locus in quo* as the south half of lot 62, he could defend the same if he could prove the true westerly lot line to be 32 rods east of the line proved and claimed by the plaintiff, as the westerly lot line of said lot ; (4) that the trespass was committed on the land between said two westerly lines ; (5) that the trespass alleged in the original is the same as the one described in the amended count ; (6) that the *locus in quo* described in the original was intended to be (and the plaintiff's evidence proved it to be) the same as the one described in the amended count, fixing upon the ground the monuments which the plaintiff claims mark the westerly line of lot 62. These facts show that the cause of action in the amended count is identical with the one in the original ; that the *locus in quo* in the original was intended to be the same as in the amended count ; and that it is only by an imperfect statement of the plaintiff's cause of action that the defendant, a naked trespasser, can make a shadow of a defence. *Downer* v. *Shaw, supra; Rice* v. *King*, 7 Johns. 20 ; *McVicker* v. *Beedy*, 31 Me. 314. All the plaintiff seeks in his amended count is, to more perfectly set forth his original cause of action. *Cuminge* v. *Rawson*, 7 Mass. *440.

II. It is not certain but that the plaintiff might recover on his original count, even if the defendant should sustain the more easterly line, on the ground of the possession of the plaintiff, and the acquiescence therein shown in the case. *Poor* v. *Gibson*, 32 N. H. 415 ; *Burton* v. *Lazell*, 16 Vt. 158. Still, to avoid the doubt and risk the plaintiff asks for the amendment.

SMITH, J. When the plaintiff framed his declaration, he understood that the description therein used of the *locus in quo* carried the south half of lot 62 to the line running north 9° east from the spruce tree ; and he then, as now, expected to prove that the trespass complained of was committed upon that part of the territory then supposed to be described in the original count lying between the westerly line as he claims it, and the line 32 rods east, which the defendant claims is the true westerly line of that lot. The amended count, which he asks to insert in his writ, covers the same land that he supposed his first count covered. The trespass complained of in the new count is the same trespass intended to be set forth in the original count ; and if the plaintiff shall succeed in proving it, it will be by the same witnesses and evidence by whom he expected to prove the trespass originally complained of. The identity of the cause of action is preserved, and no new cause of action seems to be introduced.

In *Stevenson* v. *Mudgett*, 10 N. H. 338, PARKER, C. J., said,—" The difficulty which sometimes exists in the application of the rule arises from the fact that almost all amendments change, to some extent, the cause of action, as originally stated. An amendment which changes the alleged date of a contract, or the sum to be paid, or any particular of the matter to be performed, or the time or manner of performance, changes in one sense the cause of action ; but it is not in this sense that the rule is to be understood. Amendments of that character, so long as the identity of the matter upon which the action is founded is preserved, are admissible, the alteration being made not to enable the plaintiff to recover for another matter than that for which he originally brought his action, but to cure an imperfect or erroneous statement of the subject-matter upon which the action was in fact founded. So long as the form of action is not changed, and the court can see that the identity of the cause of action is preserved, the particular allegations of the declaration may be changed, and others superadded in order to cure imperfections and mistakes in the manner of stating the plaintiff's case."

In *Newell* v. *Horn*, 47 N. H. 379, which was case for fraudulent representation in regard to the boundaries of lot 66 in Dummer, the plaintiff was allowed to amend his declaration by inserting two other pieces of land, one southerly and the other westerly of lot 66, and the amendment was held consistent with the original declaration.

General Statutes, ch. 207, sec. 9, provide that " amendments in matter of substance may be permitted in any action, in any stage of the proceedings, upon such terms as the courts shall deem just and reasonable; but the rights of third persons shall not be affected thereby." The courts in this state have allowed amendments with great liberality. Many of the cases were apparently much more doubtful than the present. See *Bailey* v. *Smith*, 43 N. H. 409 ; *Stearns* v. *Wright*, 50 N. H. 293. I think the amendment was properly allowed, and that the exceptions must be overruled.

CUSHING, C. J. It appears, by the affidavit furnished in the case, that the plaintiff supposed that lot No. 62 enclosed the land on which the alleged trespass was committed, and that by mistake the abuttals were misdescribed; and, also, that evidence was offered tending to show that the alleged trespass was on ground outside of lot 62, and not enclosed in the abuttals set out in the writ. The counsel for the plaintiff supposed that the boundary called for in his writ was at H on the plan, instead of being at B, as it is now said to be. Now, assuming that the abuttals, actually set out in the writ, are made plain to the court, and that there is no pretence that any of the alleged trespasses were done within those abuttals, it seems clear that the person or case cannot be rightly understood by the court from the record, and therefore I do not think the amendment admissible under Gen. Stats., ch. 207, sec. 8.

The amendment is in a matter of substance, which by section 9 of the same statute may be made ; and the question is, whether the founda-

tion may be laid for the amendment by an affidavit showing what the plaintiff intended to describe, but by mistake did not. In *Brackett* v. *Crooks*, 24 N. H. 173, a declaration for money had and received was amended by inserting a count on a promissory note, shown by affidavit to have been the foundation of the suit. In *Tilton* v. *Parker*, 4 N. H. 142, an amendment was allowed in a similar way on an affidavit. I remember, also, a case at *nisi prius*, in which the late Ch. J. PARKER allowed a declaration for money had and received to be amended, by adding a count for money paid, laid out, and expended, it being shown by affidavit that the cause of action intended to be described was money paid by the plaintiff as surety for the defendant.

It being, then, the established practice, that the identity of the cause of action introduced by the amendment with that intended to be described in the declaration may be shown by affidavit, and in the present case such identity being shown, it follows that the amendment should be admitted on such terms of indemnity as the circuit court should find to be reasonable.

LADD, J. I am of opinion that the amendment in this case was such as might legally be allowed under the statute and rule of court, as heretofore interpreted and applied.

*Amendment allowed.*