CONNELL v. PUTNAM.

A declaration in case, for wrongfully and injuriously keeping a vicious horse,
which attacked and injured the plaintiff's servant, may be amended by
adding a count for negligently permitting the horse to go at large without
a keeper, whereby the same servant was kicked and injured

CASE, for wrongfully and injuriously keeping a vicious horse, which
attacked and injured the son and servant of the plaintiff. The evi-
dence was, that the horse was at large, feeding upon the grass be-
tween the travelled road and the sidewalk, and kicked the boy, and
fractured his thigh bone, while he was passing on the sidewalk, not
meddling with the horse. There was no evidence that the horse was
vicious. The defendant moved for a nonsuit.

The plaintiff moved to amend his declaration, by adding a new count
for negligently permitting the horse to run at large without a keeper,
whereby the son and servant of the plaintiff was kicked and injured.

A nonsuit was ordered on the original count, and the amendment
was allowed. The defended excepted.

*Page & Norris*, for the plaintiff.

*Pike & Blodgett, Gould*, and *Rolfe*, for the defendant.

ALLEN, J. The amendment does not change the form nor destroy
the identity of the cause of action. The original count involved negli-
gence. A wrongful keeping of a vicious animal is a negligent keep-
ing. Keeping it with that degree of care which would exclude legal
liability, would not be wrongful; and that want of care which would
make the keeping injurious to another, would be negligence as well as
a wrong. The original count charged negligence in keeping a vicious
horse. The amended count made negligence, in permitting a horse to
go at large without a keeper, the gist of the action. Both counts set
up negligence as the *gravamen*, but each states the particulars of the
injury differently. The vice of the animal is omitted in the second
count, but it is the same boy, receiving the same kick and consequent
injury from the same horse, and all through the negligence of the
owner. The amendment introduced no new cause of action, but was
necessary to obviate a variance between the proof and some of the
particulars of the declaration, and was properly allowed. *Stevenson* v.
*Mudgett*, 10 N. H. 338, 340; *Barrett* v. *Salisbury Manf. Co.*, 28
N. H. 440, 452; *Davis* v. *Hill*, 41 N. H. 336; *Bailey* v. *Smith*, 43
N. H. 409; *Taylor* v. *Dustin*, 43 N. H. 493; *Stearns* v. *Wright*, 50
N. H. 293; *Cahill* v. *Terrio*, 55 N. H. 571; *Gilman* v. *Cate*, 56 N.
H. 160, 165, 166; *Burnham* v. *Plant*, 57 N. H. 41.

*Exception overruled.*

BINGHAM, J., did not sit.